*101 BENTON, Judge,
concurring.
Although I agree with the majority that the consent form required Richardson to respond truthfully to the inquiry whether he was “under an indictment for a felony or ... charged with a felony in any court,” I do not agree that an untruthful response to any of the various inquiries on the consent form constitutes a violation of Code § 18.2-308.2:2. Indeed, Code § 18.2-308.2:2 by its very terms criminalizes only a “materially false statement on the consent form.” Code § 18.2-308.2:2(K) (emphasis added).
Furthermore, although I agree that Richardson’s “No” response was materially false, it was not materially false merely because it was untrue. It was materially false because it was untrue and it related to a violation of federal criminal laws enacted to control illegal weapon use. Richardson’s argument that Virginia law does not forbid purchase of a firearm by an individual under indictment) does not, in my opinion, define the scope of materiality. His untrue response to the inquiry at issue was materially false because Code § 18.2-308.2:2 mandates that the form shall incorporate by reference the information designed to determine whether a violation of federal law has also occurred. That inquiry is a significant tool in Virginia’s enforcement of its gun control laws.
I concur in Parts II and III of the majority opinion, and, for the reasons stated above, I join in the judgment affirming the conviction.